UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HIMES,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:17-cv-00403-AC<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will deny plaintiff's motion for summary judgment, and grant the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

# I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on November 25, 2013. Administrative Record ("AR") 18.[2] The disability onset date for both applications was alleged to be May 1, 2013. Id. The applications were disapproved initially and on reconsideration. Id. On November 13, 2015, ALJ Mary Beth O'Connor presided over the video hearing on plaintiff's challenge to the disapprovals. AR 35-75 (transcript). Plaintiff was present and testified at the hearing. AR 40. Plaintiff was represented by Richard A. Whitaker, Esq., at the hearing. AR 38-39. Impartial Vocational Expert Robert Cottle also appeared at the hearing. Id.

On January 20, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 18-28 (decision), 29-33 (exhibit list). On January 11, 2017, after receiving counsel's Representative Brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on February 23, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 9, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion), 19 (plaintiff's reply).

# II. FACTUAL BACKGROUND

Plaintiff was born in 1958, and accordingly was 54 years old on the alleged disability onset date, making her a "person closely approaching advanced age" under the regulations. AR 41; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a limited education, and can communicate in English. AR 273-75.

////

---

[2] The AR is electronically filed at ECF Nos. 14-3 to 14-13 (AR 1 to AR 583).

2

III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error,

which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not,

4

the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since May 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: affective disorders, anxiety disorders, and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except no more than frequent climbing ramps and stairs but never climb ladders, ropes or scaffolds; frequent balancing, stooping, kneeling, crawling and crouching; avoid concentrated exposure to unprotected heights/moving machinery and parts; and can perform simple routine tasks and simple work related decisions with no more than low social contact.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] The claimant was born [in 1958] and was 54 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 20-28.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 28.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly evaluate the medical evidence; (2) failing to properly assess plaintiff's credibility; (3) improperly evaluating statements by non-treating sources; and (4) failing to provide valid hypothetical statements to the Vocational Expert ("VE"). ECF No. 18.

### A. The ALJ Properly Evaluated Medical Opinion Evidence

The ALJ did not err in weighing the medical opinion evidence. "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination

must be upheld when the evidence is susceptible to one or more rational interpretations." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).

### 1. <u>Opinion of Dr. Brian King Was Properly Evaluated</u>

Plaintiff objects to the ALJ's treatment of treating psychologist Dr. Brian King. ECF No. 15 at 5-8. Plaintiff points to several of Dr. King's treatment notes, including notes from 2013 in which Dr. King recommended medication for plaintiff's mental health symptoms (AR 444), notes recommending continuing medication (AR 439), and a recommendation that plaintiff obtain an emotional support dog (AR 438). Plaintiff argues that the ALJ erred in finding (1) that Dr. King failed to "provide the requisite details" and (2) that his findings were "not supported by the longitudinal record." ECF No. 15 at 7, AR 26. Plaintiff further contends that the ALJ did not provide specific and legitimate reasons for discounting Dr. King's opinion that plaintiff's attendance at a job would be "poor." <u>Id.</u>

Plaintiff' argument does not withstand scrutiny. The ALJ gave little weight to Dr. King's opinions as to plaintiff's limitations because Dr. King filled out a "circle the impairment level" type of form, in which he categorized plaintiff as abnormal in several areas but failed to provide a description of the limitation as required by the form itself. AR 26, 412-14. This is a specific and legitimate reason for discounting those limitations. It is well established that the ALJ may reject "check the box" reports that do not contain sufficient explanations for their conclusions. <u>Molina</u>, 674 F.3d at 1111. The court notes that although the ALJ summarized Dr. King's form report as indicating poor "attendance," the box which Dr. King actually checked as "poor" indicates his rating of the patient's ability to "complete a normal workday and workweek without interruption from psychologically based symptoms." AR 414. This is not necessarily the same thing as "attendance." This imprecision on the ALJ's part constitutes harmless error if any, however, because the box checked "poor" is indeed reflected in the RFC. <u>See Molina</u>, 674 F.3d at 1122. The majority of Dr. King's notes detail issues with plaintiff's difficulty in working with others. AR 412, 437, 439-40. This limitation was in fact incorporated into the RFC by the limitation to "no more than low social contact." AR 23.

As to Dr. King's recommendation of an emotional support dog, the ALJ addressed this

7

matter by noting that plaintiff clearly did not need an emotional support dog at all times because she did not bring one to the hearing. AR 26. Indeed, though a dog was at one point recommended by Dr. King, there is no indication in the record that plaintiff ever actually obtained or used an emotional support dog. Accordingly, the ALJ did not err by failing to include an emotional support dog in the RFC.

For all these reasons, the ALJ properly addressed the opinion of Dr. King.

### 2. Opinion of Dr. Jennifer K. Stranger Was Properly Evaluated

Plaintiff takes issue with the ALJ's assessment of treating physician Dr. Stranger, though the specific objections are not entirely clear from the briefing. ECF No. 15 at 7-11. Plaintiff generally argues that Dr. Stranger's opinion was not evaluated as that of a treating physician, with the greater deference to which such an opinion is entitled. Id. Plaintiff's argument fails.

The ALJ gave little weight to Dr. Stranger's opinion "that the claimant is totally and completely disabled" for the specific and legitimate reasons that such a claim is belied by plaintiff's ability to provide full-time care for her granddaughter (296); that Dr. Stranger's opinion is based on pain, but pain alone is not an impairment; that the reported pain in plaintiff's lumbar spine has not been supported by imaging studies (AR 532-35); and that treatment notes indicate that when plaintiff takes her medication, she does fairly well (AR 417, 421). AR 26. The ALJ was entitled to conclude that Dr. Stranger's opinion was improperly based on the claimant's self-reports of pain without supporting evidence of impairment. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may properly reject a treating physician opinion that is based to a large extent on a claimant's self-reports). Further, evidence of improvement and management of condition with medication is also a legitimate basis for discounting a treating physician's opinion. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.")

The ALJ did not err in assessing the opinion of Dr. Stranger.

### 3. Other Medical Opinions Were Properly Evaluated

Plaintiff takes issue with the fact that the ALJ gave great weight to consulting physicians

Dr. L. Pancho, M.D. and Dr. Barbara Moura, Psy.D., arguing that in both cases the ALJ failed to follow the guidelines for evaluating medical source opinions. ECF No. 15 at 10. With respect to Dr. Pancho, plaintiff alleges the ALJ "failed to be specific about what medical evidence supported his assessment." Id. Plaintiff's argument lacks merit. As to both opinions, the ALJ described the medical findings and assessed limitations, found that each was supported by the medical record, and accepted them. AR 25. Plaintiff's citations to 20 C.F.R. § 404.1527, which provides factors the ALJ must consider (such as consistency and support in the record) in evaluating state agency opinions, and SSR 96-8, which requires the RFC to be supported by specific medical facts, do not support her conclusion that the ALJ was required to do more in accepting the limitations proposed by Dr. Moura and Dr. Pancho.

Plaintiff also objects to the ALJ's acceptance of the opinion of examining physician Dr. T. Renfro, Psy.D., arguing that Dr. Renfro had access only to plaintiff's SSA form 3368, which is plaintiff's disability report. AR 273. Plaintiff objects on similar grounds to the ALJ's acceptance of examining physician Dr. Rose Lewis, M.D.'s report; Dr. Lewis had only the disability report and medical records from Sutter Solano Medical Center including a normal EKG. ECF No. 15 at 11. Pursuant to 20 C.F.R. 404.1517, the statute with which plaintiff claims noncompliance, when the Commissioner orders a consultative examination the Commissioner is required to "give the examiner any necessary background information about your condition." There is no requirement that consultative examiners must be given the entire record; examining physicians rely, as Drs. Renfro and Lewis did here, both upon the documents provided and their own examinations. AR 397-410.

The court finds no error.

B. The ALJ Properly Discounted Plaintiff's Subjective Testimony

Plaintiff alleges that the ALJ did not give specific and legitimate reasons for discounting her subjective testimony. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that

her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

Here, the ALJ found plaintiff not entirely credible based on her activities of daily living, which the ALJ found inconsistent with her complaints of disabling symptoms and limitations, and a treatment history that does not support the alleged severity of plaintiff's symptoms. AR 23-24. Upon review of the ALJ's determination on credibility the court find no error. The ALJ is permitted to consider plaintiff's activities of daily living in making a disability determination. 20 C.F.R. § 404.1529; see also, Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2009). The ALJ appropriately concluded that plaintiff's actves of daily living, which include the full-time care of a young child (AR 282), shopping, going to the park, reading, and performing household chores (AR 283; 60-62) are inconsistent with claims of totally disabling pain. The ALJ also noted that in September of 2015 plaintiff was feeling good and taking tap, ballet, and aerobics classes. AR 21, 538. The ALJ likewise pointed to plaintiff's history of conservative treatment. "Conservative treatment" may be sufficient to discount a claimant's testimony regarding the severity of an impairment. Parra v. Astrue, 481 F.3d 742, 750–51 (9th Cir. 2007). The ALJ's reliance on plaintiff's history of conservative treatment, including good control of her mental health symptoms with medication was an appropriate additional basis to find plaintiff less credible. Plaintiff's motion on this point must be denied.

////

C. The ALJ Properly Evaluated Non-Treating Sources

Plaintiff challenges the ALJ's treatment of lay witness Donald Phelps. Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must consider this testimony in determining whether a claimant can work. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006); see also 20 C.F.R. § 416.913(d)(4); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). However, in doing so the ALJ is free to evaluate that testimony and determine the appropriate weight it should be given in the light of the other evidence. To discount the testimony of a lay witness, the ALJ must "give reasons that are germane to each witness." Stout, 454 F.3d at 1053; see also Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). An ALJ who gives sufficient reasons for discounting a claimant's testimony may, in turn, rely on those reasons to discount substantially similar third-party testimony as long as he does so explicitly. Valentine, 574 F.3d at 694.

The ALJ evaluated the statement of plaintiff's ex-boyfriend, Donald Phelps, and found that his statement that plaintiff's care of her granddaughter was a "full time job" indicated that she is capable of performing many activities of daily living. AR 23. The ALJ gave Mr. Phelps' opinion partial weight because his statement that plaintiff could walk "maybe a block" (AR 300) was contradicted by plaintiff's own statement that she could walk half a mile (AR 286). AR 23. The ALJ's assessment is properly specific and supported by the record. Plaintiff's motion on this point must be denied.

D. The ALJ Provided Valid Hypothetical Questions to the Vocational Expert

Plaintiff raises three challenges to the hypotheticals posed to the VE by the ALJ. First, plaintiff argues that if her threating physicians had been properly credited, more limiting hypotheticals would have been posed to the VE. ECF No. 15 at 16. This objection is resolved by the court's finding that the ALJ properly evaluated plaintiff's treating physicians. Plaintiff's second objection, that the ALJ did not account for plaintiff's mental health limitations which would result in missing work, is resolved by this court's determination that the ALJ properly evaluated the treating physician opinions, because only Dr. King checked a box that the ALJ

labeled as attendance-related. As discussed above, the ALJ did account for mental conditions in the RFC by limiting plaintiff to low levels of public contact; this was reflected in her hypotheticals to the ALJ. AR 23, 68-70.

Third, plaintiff argues that the ALJ mischaracterized plaintiff as a "person of advanced age" rather than a "person closely approaching advanced age" because plaintiff was 54 at the time of disability onset. Id. at 17. Plaintiff is correct that a person who is 54 is a person "closely approaching" rather than a person of "advanced age." 20 C.F.R. 404.1563. However, because the ALJ made this error in favor of a more, not less, restrictive age category, it is harmless error at most. Harmless error will not overturn an ALJ's decision. See Molina, 674 F.3d at 1122.

None of the ALJ's hypotheticals involved reversible error.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18), is GRANTED;

3. The Clerk of the Court shall enter judgment for Commissioner, and close this case.

DATED: September 11, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE